UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE:

LUIS ESPINOSA
    Plaintiff,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.
ASSET ACCEPTANCE, LLC.
    Defendant(s),

_____/

# COMPLAINT

Plaintiff, LUIS ESPINOSA, on behalf of herself, through the undersigned attorneys, files this Complaint against NATIONAL ENTERPRISE SYSTEMS, INC. [herein referred to as "NATIONAL"], and ASSET ACCEPTANCE, LLC. [herein referred to as "ASSET ACCEPTANCE] the state as follows:

## A. JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. The Defendant, NATIONAL is subject to the personal jurisdiction of this Court because it engages in substantial activity within Florida, additionally they have made substantial

    business contacts with the Plaintiff in Miami Dade County, Florida.

3. The Defendant, ASSET ACCEPTANCE is subject to the personal jurisdiction of this Court because it engages in substantial activity within Florida, additionally they have made substantial business contacts with the Plaintiff in Miami Dade County, Florida.

## B.  VENUE

4. The venue is proper in the United States District Court for the Southern District of Florida based upon the following:

    a. The unlawful collection practices alleged below occurred and/or were committed in Miami Dade County, Florida, in the Southern District of Florida;

    b. At all times material hereto, Defendants, NATIONAL AND ASSET ACCEEPTANCE are and continue to be corporations engaged in the business and/or activity of collecting debts in Miami Dade County, Florida, and as such are a citizen of the State of Florida.

## C.   PARTIES

5. Plaintiff, LUIS ESPINOSA, (hereinafter "Plaintiff), is an individual residing in the County of Miami Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, NATIONAL is a company operating from an address of 29125 Solon Road, Solon OH 44139-3442 and whose principle business is collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant, ASSET ACCEPTANCE is a company operating from an address of 28405 VAN DYKE AVE WARREN MI 48093 and whose principle business is collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## D.  FACTS COMMON TO ALL COUNTS

8. Plaintiff is alleged to have incurred a financial obligation for primarily personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C. § 1691a(5), namely, a consumer debt.

9. Plaintiff filed Bankruptcy Chapter 7 and obtained a full discharge on July 27, 2011.

10. Defendant NATIONAL sent a collection letter dated September 18, 2011 attempting to collect on a debt which was fully discharged in the bankruptcy proceedings.

11. Defendant NATIONAL stated that it had been assigned this account from Defendant ASSET ACCEPTANCE and was collecting on behalf of Defendant ASSET ACCEPTANCE.

12. Defendants received notice and/or had direct access to the court docket, file, and creditors matrix for the Plaintiff's bankruptcy.

13. Defendants had the means and ability to each obtain all of its "public records" or bankruptcy information on its own.

14. Said actions by Defendants is in violation of provisions of the FDCPA, specifically in violation of 15 U.S.C. § 1692 E(2), E(10) and F(1).

15. Upon information and belief, Defendants have violated other sections of 15 U.S.C. § 1692, et seq.

# E. CAUSES OF ACTION

## COUNT ONE
## VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C § 1692 et seq.
## NATIONAL & ASSET ACCEPTANCE

16. Plaintiff incorporates paragraphs 1 through 15 as though fully stated herein.

17. The foregoing acts and omissions of Defendants as further described within this Complaint constitute violations of the FDCPA, including but not limited to each and every of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

18. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered out- of-pocket expenses as well as other actual damages and is therefore entitled to an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for:

- For an award of actual damages pursuant to 15. U.S.C. § 1692k(a)(1) against Defendant;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Defendant; and

- For such other and further relief as may be just and proper.

## COUNT TWO
### VIOLATION OF THE
### FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. § 559.55 - §559.785
### NATIONAL & ASSET ACCEPTANCE

19.     Plaintiffs incorporate paragraphs 1 through 15 as though fully stated herein.

20.     Plaintiff allegedly entered into a credit contract pursuant to which Plaintiff purchased consumer goods as required under Fla. Stats. §559.55 - §559.785.

21.     Credit was extended via a consumer credit card used to purchase goods or services for personal, family, or household use.

22.     Plaintiff filed a bankruptcy Chapter 7 petition and this debt was fully discharged in those proceedings.

23.     On September 18, 2011, Defendants sent the Plaintiff a collection notice attempting to collect this debt which was discharged.

24. Said conduct is in direct violation of Section 559.72, et seq. of the Florida Statutes.

25. The acts of Defendant mentioned above were done and performed willfully, wantonly, and maliciously without regard to their effect on Plaintiff.

26. As a direct and proximate result of the conduct and acts of Defendants mentioned above, plaintiff has suffered severe pain and distress of body and mind, and great mental anguish, embarrassment, humiliation, and shame.

27. Plaintiff has been required to employ the undersigned counsel to represent plaintiff against the willful, wanton, malicious, and wrongful acts of Defendant mentioned above, and has agreed to pay counsel a reasonable attorney fee.

28. Plaintiff has incurred, and will continue to incur, additional expenses in the prosecution of this law suit, including court costs, telephone calls, travel expenses, and other expenses, all to Plaintiff's further damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant NATIONAL & ASSET ACCEPTANCE pursuant to Fla. Stats. for:

?That Defendant be enjoined from any and all further illegal collection practices against the Plaintiff;

?For actual damages or for statutory damages of $1000 whichever is greater;

?For punitive damages;

?For attorney fees'

?For costs of suit; and

?For such other and further relief as the court deems proper.

## F. JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7 and Fed. R. Civ. Pro. 38.

Dated this 14TH day of September of 2012.

> Respectfully submitted,
> Law Offices of
> **SAMIRA GHAZAL, PA.**
> Attorney for Plaintiff
> 1909 SW 27th Avenue
> Miami, FL  33145
> Tel.  305.860.1221
> Fax. 305.860.9161
> Email:  Samira@SamiraGhazal.com
>
>  /s/Samira Ghazal
> Samira Ghazal, ESQ.
> FBN: 0864617